**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PENSKE MEDIA CORPORATION, et al. | |
| *Plaintiffs,* | |
| v. | |
| GOOGLE LLC and ALPHABET INC., | Civil Action No. 1:25-cv-03192 (APM) |
| *Defendants.* | |
| CHEGG, INC., | |
| *Plaintiff,* | |
| v. | Civil Action No. 1:25-cv-00543 (APM) |
| GOOGLE LLC and ALPHABET INC., | |
| *Defendants.* | |

**MOTION TO SET ORAL ARGUMENT ON GOOGLE'S MOTIONS TO DISMISS**

Plaintiffs in the related cases *Penske Media Corporation, et al. v. Google LLC, et al.* and *Chegg, Inc. v. Google LLC, et al.* (collectively, "Plaintiffs") respectfully request that the Court set oral argument on Defendants' ("Google's") fully briefed motions to dismiss Plaintiffs' complaints. On March 20, 2026, this Court issued its Memorandum Opinion in the related case *Helena World Chronicle, LLC v. Google LLC*, dismissing antitrust claims of a different set of publisher plaintiffs against Google. *See* Dkt. 49, No. 23-cv-03677 (D.D.C. Mar. 20, 2026) ("*Helena* Op."). Like PMC and Chegg, Helena World Chronicle ("Helena") alleged claims related to Google's AI Overviews. As Plaintiffs preview below, their claims and briefing differ from Helena's in outcome-determinative ways. Plaintiffs respectfully submit that oral argument will assist the Court in considering these meaningful distinctions before ruling on Google's pending motions.

1

Plaintiffs separately request oral argument as they intend to give junior lawyers the opportunity to argue on Plaintiffs' behalf.

**Standing.** In *Helena*, this Court held that the publisher plaintiff lacked antitrust standing to challenge Google's monopolization of the general search services market because its alleged injury is experienced "in the downstream market in which [Plaintiffs] sell goods or services." *Helena* Op. at 14. In contrast to the *Helena* plaintiffs, PMC and Chegg allege that Google's conduct harms competition in the general search services market by giving Google a structural advantage over potential rivals in providing AI-generated answers. *See* Amended Complaint ¶¶ 12, 119-20, 145, *Penske Media Corp. v. Google*, Dkt. 17, No. 1:25-cv-03192 ("PMC Compl.") (explaining that Google has obtained content for use in generative AI products for free, while other technology companies have had to pay publishers for these uses); Amended Complaint ¶¶ 95-96, 111, *Chegg v. Google*, Dkt. 18, No. 1:25-cv-00543 ("Chegg Compl.") (similar). PMC and Chegg's injuries are thus "inextricably intertwined" with the competitive harm that Google inflicts on its rivals, which is sufficient to demonstrate antitrust standing under the Supreme Court's decision in *Blue Shield v. McCready*, 457 U.S. 465, 484 (1982). *See* PMC's Opp. to Google's Mot. to Dismiss, Dkt. 26, *Penske Media Corp. v. Google*, No. 1:25-cv-03192 ("PMC Opp."), at 32-33 (quoting *McCready*, 457 U.S. at 484); Chegg's Opp. to Google's Mot. to Dismiss, *Chegg v. Google*, Dkt. 20, No. 1:25-cv-00543 ("Chegg Opp."), at 35-36 (same). The *Helena* briefing did not cite or discuss *McCready* or address how publishers' injuries are inextricably intertwined with Google's exercise of its monopoly power to coerce publishers to provide content to power AI Overviews.

**Coercive Reciprocal Dealing.** PMC and Chegg both assert claims for coercive reciprocal dealing, which Helena did not assert. This Court recognized in *Helena* that it is "more accurate[]" to characterize Google's conduct "as a sale of one product conditioned on the reciprocal supply of

2

another"—*i.e.*, reciprocal dealing—rather than as a traditional tying arrangement. *Helena* Op. at 25. The Court observed that Helena did not "conten[d] that Google's 'tying' of search traffic to Plaintiffs' supply of news content . . . has any impact on Google's rivals." *Id.* at 27 n.7. In contrast to Helena, PMC and Chegg each allege that Google's coercive reciprocal dealing enables Google to exploit its monopoly in search to disadvantage its generative AI competitors because Google avoids costs that its rivals must incur. *See supra* at 2 (citing PMC Compl. ¶¶ 119-20, 145 and Chegg Compl. ¶¶ 95-96, 111). As PMC's and Chegg's complaints allege, several of Google's key generative AI rivals, who lack monopoly power in search, have been willing to pay for publisher content. *See* PMC Compl. ¶¶ 129-30, 223-24 (describing content licensing deals between online publishers and generative AI companies, including Microsoft's publisher content marketplace); Chegg Compl. ¶¶ 95, 97, 98 (describing similar content licensing deals, including Chegg's own).

**Tying.** PMC's tying claim also differs from Helena's. Helena alleged that AI Overviews and Google Search were a single integrated product rather than two separate products. *Helena* Op. at 26. The Court noted that to allege separate products, Helena would have needed to allege "sufficient consumer demand so that it is efficient for a firm to provide the products separately." *Id.* at 26 n.5. PMC has alleged exactly what Helena did not. PMC's Amended Complaint alleges that Google and its competitors provide generative AI services separately from search services. *See* PMC Opp. at 36-37. The Northern District of California recently sustained a similar tying claim in *Yelp, Inc. v. Google LLC*, 2025 WL 2978394, at *3-4 (N.D. Cal. Oct. 22, 2025). PMC's allegations more closely parallel those sustained in *Yelp* than those dismissed in *Helena*.[1]

---

[1] If the Court denies Google's motion to dismiss PMC's tying claim or otherwise denies Google's motion to dismiss PMC's Complaint on the basis of any information that became available after Chegg filed its amended complaint, *e.g.*, PMC Compl. ¶ 121 (discussing the Court's remedies opinion in *United States v. Google LLC*, 2025 WL 2523010, at *97 (D.D.C. Sept. 2, 2025)); *id.*

3

**Attempted Monopolization.** Helena alleged Google's online-news market share as the percentage of all U.S. visits to the "top 215 news sites" that went to Google websites. *Helena* Op. at 18. The Court found that "[n]o credible expert" would measure Google's market share in online news by counting every visit to Google, regardless of the visit's purpose. *Id.* at 22. By contrast, PMC and Chegg's attempted monopolization claims are based on a different theory: Google's systematic diversion of consumer demand for publisher content to AI Overviews. PMC Opp. at 41-43; Chegg Opp. at 40-43. The resulting revenue losses are driving publishers to reduce the quantity of quality content. *See* PMC Compl. ¶¶ 13-14, 53, 72; Chegg Compl. ¶¶ 14, 151. The *Helena* opinion does not address this legal theory or the factual predicates PMC and Chegg alleged to support it.

* * *

Plaintiffs believe that oral argument on the pending motions would be useful to the Court in clarifying the distinctions between the *Helena* complaint and Plaintiffs' complaints. Plaintiffs have no objection to the court holding a consolidated hearing to address both motions.[2] In the alternative, Plaintiffs request the opportunity to submit supplemental briefing regarding the Court's decision in *Helena.* Pursuant to Civil Local Rule 7(m), Plaintiffs sought Defendants' position on this motion, and Defendants stated as follows: "Google defers to the Court on whether the Court would find oral argument helpful or whether the Court needs supplemental briefing on

---

¶ 224 (providing additional allegations related to content licensing markets), Chegg expects to seek leave to amend its complaint to add similar allegations.

[2] Plaintiffs previously objected to Google's request for a consolidated hearing as premature, because at the time of Google's request (in December 2025), Google's motion to dismiss Chegg's amended complaint had been fully briefed for nearly four months, whereas Google had not even filed its motion to dismiss PMC's Amended Complaint. *See* Dkt. 20, *PMC v. Google*, No. 1:25-cv-03192. Although PMC and Chegg's complaint allege different relevant markets, since both motions are now fully briefed, Plaintiffs have no objection to consolidating oral argument on the motions.

its prior decision in *Helena*. Should the Court wish to hear argument, Google respectfully suggests,

for efficiency and the reasons explained in its prior submission, *Penske* ECF No. 19, that the Court

do so in a consolidated hearing addressing the motions to dismiss in both cases."

Dated: May 4, 2026

Respectfully submitted,

By: */s/ Ian Crosby*
Ian Crosby (Bar ID: WA0036)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com

Davida Brook (Bar ID: CA00117)
Halley Josephs (Bar ID: CA00217)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
hjosephs@susmangodfrey.com

Geng Chen (Admitted *pro hac vice*)
Y. Gloria Park (Bar ID: NY0615)
Elizabeth Aronson (Bar ID: NY0645)
Kaholi Kiyonami (Admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
gchen@susmangodfrey.com
gpark@susmangodrey.com
baronson@susmangodfrey.com
kkiyonami@susmangodfrey.com

*Attorneys for Plaintiffs Penske Media*
*Corporation, Billboard Media, LLC, Deadline*
*Hollywood, LLC, Fairchild Publishing, LLC,*
*Gold Derby Media, LLC, The Hollywood*
*Reporter, LLC, Indiewire Media, LLC, Rolling*

5

*Stone LLC, SheMedia, LLC, and Variety Media, LLC*

By: */s/ Ian Crosby*
Ian Crosby (Bar ID: WA0036)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com

Davida Brook (Bar ID: CA00117)
Halley Josephs (Bar ID: CA00217)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
hjosephs@susmangodfrey.com

Y. Gloria Park (Bar ID: NY0615)
Thomas Boardman (Bar ID: NY0617)
Elizabeth Aronson (Bar ID: NY0645)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
gpark@susmangodrey.com
tboardman@susmangodfrey.com
baronson@susmangodfrey.com

*Attorneys for Plaintiff Chegg, Inc.*

6