**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHEGG, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>GOOGLE LLC; ALPHABET INC.,<br><br>*Defendants*. | Case No. 1:25-cv-00543-APM |
| PENSKE MEDIA CORPORATION, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOOGLE LLC; ALPHABET INC.,<br><br>*Defendants*. | Case No. 1:25-cv-03192-APM |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this notice regarding the D.C. Circuit's decision in *PhantomALERT Inc. v. Apple Inc.*, No. 25-7017, ___ F.4th ____, 2026 WL 2131786 (D.C. Cir. July 24, 2026), issued after briefing on Google's motions to dismiss. A copy is attached.

The D.C. Circuit's decision affirms *PhantomALERT v. Apple, Inc.*, 762 F. Supp. 3d 8 (D.D.C. 2025), cited in Google's motions to dismiss. The panel's reasoning bears directly on Google's motions in at least two respects.

*First*, the panel confirmed the standard for Plaintiffs' rule-of-reason tying and reciprocal-dealing claims: A plaintiff must show that the challenged arrangement "produces substantial anticompetitive effects *in the tied-good market*." Op. 10 (emphasis added); *see also id.* at 3. As

Google explained, Plaintiffs plead no anticompetitive effect in any of the alleged tied-good markets for their reciprocal-dealing and tying claims. *Chegg* Mot. 21-22; *Penske* Mot. 14, 18, 39. PMC (but not Chegg) instead incorrectly argued that it was not required to do so, and Google's reply explained why that was wrong. *Penske* Opp. 15; *Penske* Reply 8-9. The D.C. Circuit's decision confirms this requirement, which disposes of Plaintiffs' reciprocal-dealing and tying claims.

*Second*, the panel confirmed that a plaintiff does not plead a plausible market by asserting that its product is "not substitutable" simply because it serves a "specific purpose." Op. 19. That is fatal to Plaintiffs' proposed markets because they plead no facts on the reasonable interchangeability of use or the cross-elasticity of demand for their proposed content markets. *See Chegg* Mot. 14; *Penske* Mot. 16-18. As to their alleged publishing markets, Plaintiffs offer only the conclusory assertion that other content "cannot substitute" for their own. *Chegg* Am. Compl. ¶ 54; *Penske* Am. Compl. ¶ 80. As to their alleged Republishing, Training, and RAG Content markets, Plaintiffs allege only that "republishing, training, and retrieval-augmented generation are separate use cases with independent value," despite conceding that "the same content can be allowed for" all three purposes. *Penske* Am. Compl. ¶¶ 218, 220; *Chegg* Am. Compl. ¶¶ 159, 166. *PhantomALERT* holds that such "bare, unadorned assertion[s]" are insufficient as a matter of law. Op. 19.

Dated: August 5, 2026

Respectfully submitted,

By: */s/ Sonal N. Mehta*
Sonal N. Mehta*
Chris Johnstone*
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
sonal.mehta@wilmerhale.com
chris.johnstone@wilmerhale.com
**Admitted Pro Hac Vice*

David Gringer (Bar No. 1001200)
Paul Vanderslice (Bar No. 888314605)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
david.gringer@wilmerhale.com
paul.vanderslice@wilmerhale.com

*Counsel for Defendants Google LLC & Alphabet Inc.*