**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PENSKE MEDIA CORPORATION, *et al*., <br><br> *Plaintiffs,* <br><br> v. <br><br> GOOGLE LLC and ALPHABET INC., <br><br> *Defendants*. <br><br>———————————————— <br> CHEGG, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> GOOGLE LLC and ALPHABET INC., <br><br> *Defendants*. | Civil Action No. 1:25-cv-03192 (APM) <br><br><br><br><br><br> Civil Action No. 1:25-cv-00543 (APM) |

**RESPONSE TO GOOGLE'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Google's August 5, 2026 Notice of Supplemental Authority regarding *PhantomALERT Inc. v. Apple Inc.*, No. 25-7017, ___ F.4th ____, 2026 WL 2131786 (D.C. Cir. July 24, 2026), ECF No. 29 ("Notice"), mischaracterizes plaintiffs' allegations and *PhantomALERT*.

*PhantomALERT* involved "single-brand aftermarket[s]," which are not at issue here. 2026 WL 2131786, at *6. To the extent *PhantomALERT* addresses issues relevant to this case, it restates generally applicable legal principles that Chegg and PMC addressed in their oppositions to Google's motions to dismiss. *See, e.g.*, *id.* at *4 (summarizing general principles for rule-of-reason tying claims); *id.* at *6 (explaining that market-definition allegations "need not be detailed" and "the process of defining a product market . . . is ordinarily a "deeply fact-intensive inquiry unsuited to resolution before any opportunity for discovery"") (quotations and alteration omitted).

1

Google first asserts that *PhantomALERT* "confirm[s]" that to plead rule-of-reason tying or reciprocal dealing, plaintiffs must allege "substantial anticompetitive effects in the tied-good market." Notice at 1 (emphasis and quotation omitted). Plaintiffs' complaints do just that: for their reciprocal dealing claims, plaintiffs allege subcompetitive prices in the markets for republishing, generative AI training, and retrieval augmented generation content and the elimination of choice among market participants. *See* PMC Opp. at 15; Chegg Opp. at 16. PMC's tying claim pleads substantial foreclosure in the tied market for Online Publishing in the form of zero-click searches, $2 billion in lost revenue, and declining quantity of quality content. *See* PMC Opp. at 38-39. Moreover, plaintiffs allege reciprocal dealing, and PMC alleges tying, under both *per se* and rule-of-reason theories. PMC Opp. at 12-14 (reciprocal dealing), 38-39 (tying); Chegg Opp. at 14-15. *PhantomALERT* acknowledges that per-se tying claims do not require proof of anticompetitive effects in the tied market. 2026 WL 2131786, at *4.

Google next attempts to analogize the market-definition allegations in *PhantomALERT* to plaintiffs' allegations. Notice at 2. But plaintiffs' market allegations are nothing like the allegations rejected in *PhantomALERT*. The *PhantomALERT* complaint was "bereft of allegations speaking to either a hypothetical monopolist test, the *Brown Shoe* factors, or the availability of substitutes." 2026 WL 2131786, at *7; *see also id.* *9 (rejecting alternative alleged market that was based on plaintiff's "bare, unadorned assertion"). In contrast, as plaintiffs explain in depth in their oppositions to Google's motions to dismiss, for each relevant market, plaintiffs pleaded detailed facts that bear directly on the *Brown Shoe* factors, cross-elasticity of demand, and the inadequacy of obvious potential substitutes. PMC Opp. at 15-24; Chegg Opp. at 16-23. Google's attempt to equate plaintiffs' allegations with the conclusory pleading in *PhantomALERT* is inapt.

Dated: August 10, 2026                    Respectfully submitted,

By: */s/ Ian Crosby*
Ian Crosby (Bar ID: WA0036)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com

Davida Brook (Bar ID: CA00117)
Halley Josephs (Bar ID: CA00217)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
hjosephs@susmangodfrey.com

Geng Chen (admitted *pro hac vice*)
Y. Gloria Park (Bar ID: NY0615)
Elizabeth Aronson (Bar ID: NY0645)
Kaholi Kiyonami (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
gchen@susmangodfrey.com
gpark@susmangodrey.com
baronson@susmangodfrey.com
kkiyonami@susmangodfrey.com

*Attorneys for Plaintiffs Penske Media
Corporation, Billboard Media, LLC, Deadline
Hollywood, LLC, Fairchild Publishing, LLC,
Gold Derby Media, LLC, The Hollywood
Reporter, LLC, Indiewire Media, LLC, Rolling
Stone LLC, SheMedia, LLC, and Variety Media,
LLC*

3

By: */s/ Ian Crosby*
Ian Crosby (Bar ID: WA0036)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com

Davida Brook (Bar ID: CA00117)
Halley Josephs (Bar ID: CA00217)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
hjosephs@susmangodfrey.com

Y. Gloria Park (Bar ID: NY0615)
Thomas Boardman (Bar ID: NY0617)
Elizabeth Aronson (Bar ID: NY0645)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
gpark@susmangodrey.com
tboardman@susmangodfrey.com
baronson@susmangodfrey.com

*Attorneys for Plaintiff Chegg, Inc.*

4